# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| GEORGE D. METZ, II, | : |
| Plaintiff, | : |
| vs. | :   CA 22-0062-TFM-MU |
| OFFICER MILNE, et al., | : |
| Defendants. | |

## REPORT AND RECOMMENDATION

This cause is before the Magistrate Judge for issuance of a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1) and S.D. Ala. GenLR 72(a)(2)(S), on Plaintiff's Complaint (Doc. 1), the Defendants' Rule 12(b)(5) motion to dismiss (Doc. 12; *see also* Docs. 10 & 11 (affidavits of Kelley and Milne)), Plaintiff's response to the Defendants' motion to dismiss (*see* Doc. 16), and the Defendants' reply (Doc. 19). Based on the contents of these, and all other, relevant pleadings, the Magistrate Judge **RECOMMENDS** that the Court either **DENY** the Defendants' Rule 12(b)(5) motion to dismiss or, alternatively, if the Court is inclined to grant the Defendants' motion, that dismissal should be without prejudice to Plaintiff's ability to re-file this action in this Court.[1]

---

[1] Should the Court chart this alternative course, it should do so expeditiously because the statute of limitations on Plaintiff's § 1983 action will expire on or about October 13, 2022. *See, e.g., Nicholson v. Harris,* 2019 WL 2754734, *3 (N.D. Ala. May 8, 2019) ("In Alabama, the two-year limitations period in Ala. Code § 6-2-38(*l*) applies to § 1983 and *Bivens* actions."), *report and recommendation adopted,* 2019 WL 2744567 (N.D. Ala. July 1, 2019).

**PROCEDURAL BACKGROUND**

On February 10, 2022, Plaintiff George D. Metz, II, filed a two-count civil rights complaint against Defendants Officer Milne and Sgt. Kelley, arising out of Plaintiff's alleged October 13, 2020 detainment/seizure by Defendant Milne and ultimate ouster from an area just outside the fence encircling the Coast Guard air base at 8501 Tanner Williams Road, Mobile, Alabama, by Sgt. Kelley (under threat of arrest). (*See* Doc. 1, PageID. 7-11). Metz asserts an illegal seizure/search claim against Officer Milne under 42 U.S.C. § 1983—Count I (*id.,* PageID. 10)—and a First (right to free press on public property) and Fourteenth Amendment claim against Sgt. Kelley—Count II (*id.,* PageID. 10-11). Defendants Clarence Milne and Michael Kelley filed their Answer on May 20, 2022 (Doc. 8), therein preserving the affirmative defense of insufficient service of process (*see id.,* PageID. 38). Some three weeks later, on June 13, 2022, Milne and Kelley filed their Rule 12(b)(5) motion to dismiss due to insufficient service of process. (Doc. 12). Plaintiff filed his response in opposition on July 11, 2022 (*see* Doc.16) and the Defendants' their reply on July 14, 2022 (Doc. 19). Defendants' Rule 12(b)(5) motion to dismiss, therefore, is ripe for a decision by the Court.

**CONCLUSIONS OF LAW**

    **A.**    **Insufficient Service of Process Standard of Review.** Defendants "may move to dismiss based on 'insufficient service of process[,]'" *Smith v. Comcast Corp.,* 2018 WL 792055, *4 (S.D. Ala. Feb. 8, 2018) (quoting Fed.R.Civ.P. 12(b)(5)),[2] which

---

[2] "By definition, 'service of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit assets jurisdiction over the person of the party served.'" *Prewitt Enterprises, Inc. v. Organization of Petroleum Exporting Countries,* 353 F.3d 916, 921 (11th Cir. 2003) (quoting *Mississippi Publishing Corp. v. Murphree,* 326 U.S. 438, 444-45, 66 S.Ct. 242, 246, 90 L.Ed. 185 (1946)), *cert. denied,* 543 U.S. 814, 125 S.Ct. 62, 160 L.Ed.2d 19 (2004).

challenges the method of service, *Oppenheimer v. Robison,* 2020 WL 4018280, *1 (S.D. Ala. July 16, 2020), and, indeed, they must bear the initial "'burden of producing affidavits that, in non-conclusory fashion, demonstrate the absence of' good service." *Smith, supra,* at *4, quoting *Bell v. Integrated Health Services, Inc.,* 2007 WL 274364, *2 (S.D. Ala. Jan. 30, 2007) (other citations omitted); *see Bryant v. Rich,* 530 F.3d 1368, 1376 (11th Cir.) (recognizing that on motion to dismiss for insufficient/improper service of process, a district court may consider matters outside of the pleadings and make findings of fact based on affidavits and other evidence relevant to the issue), *cert. denied,* 555 U.S. 1074, 129 S.Ct. 733, 172 L.Ed.2d 734 (2008).

> The burden then shifts to the plaintiff to prove a *prima facie* case of proper service of process. If the plaintiff can establish that service was proper, the burden shifts back to the defendant to "bring strong and convincing evidence of insufficient process."

*Floyd v. PEM Real Estate Group,* 2018 WL 4376504, *2 (S.D. Ala. Aug. 17, 2018) (citing and quoting *Hollander v. Wolf,* 2009 WL 3336012, *3 (S.D. Fla. Oct. 14, 2009)), *report and recommendation adopted as modified on other grounds,* 2018 WL 4374185 (S.D. Ala. Sept. 13, 2018). Also, "[a] defendant's actual notice is not sufficient to cure defectively executed service." *Albra v. Advan, Inc.,* 490 F.3d 826, 829 (11th Cir. 2007) (per curiam). Once a *pro se* litigant is in federal court, as here, he is required "to conform to procedural rules." *Albra, supra,* 490 F.3d at 829, quoting *Loren v. Sasser,* 309 F.3d 1296, 1304 (11th Cir. 2002).

      **B.** **Analysis of the Sufficiency of Service on Officer Milne and Sgt. Kelley.** On the same date that Metz filed his complaint, February 10, 2022, he filed information indicating that he was going to attempt to notify the Defendants of this lawsuit and request that each waive service of a summons. (*See* Doc. 3, PageID. 16-

3

19). A Deputy Clerk spoke to Plaintiff on February 18, 2022 and advised him that if he and the Clerk's Office had not received signed waivers within 30 days, he would have to pursue other means of service. (*See* Docket Sheet Entry for February 18, 2022). Because signed waivers were not received (*see* Docket Sheet), Plaintiff filed proposed summonses on April 12, 2022 (Doc. 5), addressed in the following manner:

> Ofc Milne Mobile PD
> 8080 Airport Blvd
> Mobile, AL 36608
>
> .   .   .
>
> Sgt Kelly Mobile PD
> 8080 Airport Blvd
> Mobile, AL 36608

(Doc. 5, PageID. 21 & 22). The summonses were issued by the Clerk of Court on April 15, 2022 (Doc. 6) and were mailed (each together with a copy of the complaint) by certified mail on or about April 19, 2022 (*see* Doc. 7, PageID. 28 & 31). Both green return cards were "signed for" by the same unidentifiable individual, without the "Agent" or "Addressee" box being checked (*see id.*, PageID. 30 & 33), on or about April 25, 2022 (*see* Docket Sheet Entry for May 2, 2022). Metz completed the Proof of Service section of the summonses on April 30, 2022 (*see* Doc. 7, PageID. 28 7 31) and due return of service was made on May 2, 2022. (*see* Doc. 7).

Rule 4(e)(1) of the Federal Rules of Civil Procedure recognizes that an individual may be served within a judicial district of the United States by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" *Id.* In addition, Rule 4(e)(2) goes on to provide that an individual may be served in a judicial district of the

4

United States by any of the following: "(A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed.R.Civ.P. 4(e)(2)(A)-(C).

Here, as in *Floyd, supra,* no personal service was attempted and, therefore, the service methods "permitted under Fed.R.Civ.P. 4(e)(2) are not at issue[.]" *Floyd, supra,* at *4 & *id.* n.3 (citing cases, including *Dyer v. Wal-Mart Stores, Inc.,* 318 Fed.Appx. 843, 844 (11th Cir. Mar. 11, 2009) for the proposition that "[t]he term 'delivering' appears to refer to personal service."))[3] Accordingly, "[t]he pertinent inquiry is whether Plaintiff perfected service under Federal Rule of Civil Procedure 4(e)(1)." *Floyd, supra,* at *4. As

---

[3] In support of their motion to dismiss for insufficient service of process, Kelley and Milne filed almost identical affidavits. (Doc. 10, PageID. 46-47, Affidavit of Michael Kelley; *see also* Doc. 11, PageID. 48-49, Affidavit of Clarence Milne).

    3.    8080 Airport Blvd., Mobile, AL 36608 is a MPD facility for Precinct 4 and the City of Mobile Fire Department.

    4.    I do not reside at 8080 Airport Blvd., Mobile, AL 36608, and I have not appointed any agents to accept service of process on my behalf at this address.

    5.    I did not personally receive a copy of the Summons and Complaint.

    6.    The signature on the return receipt (Doc. 7, PageID. 30) is not mine.

(Doc. 10, PageID. 46, Kelley Affidavit; *compare id. with* Doc. 11, PageID. 48, Milne Affidavit (the sole difference in Milne's affidavit is his citation to Doc. 7, PageID. 33 in ¶ 6)). The main contents of these affidavits—contained in ¶¶ 4-6—are directed to the methods of service set forth in Rule 4(e)(2), *compare* Fed.R.Civ.P. 4(e)(2)(A)-(C) *with* Docs. 10 & 11, as, in truth, are the contents of the Defendants' motion to dismiss and reply (*see* Doc. 12, PageID. 52 & Doc. 19, PageID. 87-88). This is likely the source of Plaintiff's expressed confusion in his brief in opposition. (*See* Doc. 16, PageID. 63-64).

previously stated, Fed.R.Civ.P. 4(e)(1) recognizes that an individual may be served in a judicial district of the United States by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[,]" *id.,* and, here, Plaintiff attempted service via certified mail, which is allowed under Alabama law, *see* Ala.R.Civ.P. 4(i)(2) (recognizing that a party filing process and complaint may initiate service by certified mail). Service by certified mail may be accomplished as provided under Alabama Rule of Civil Procedure 4(i)(2) and, for purposes of this Report and Recommendation, the undersigned focuses attention on the contents of Ala.R.Civ.P. 4(i)(2)(B)(ii) and 4(i)(2)(C).

> (B)   How Served.
>
> . . .
>
> (ii)   Alternatively, the attorney or party filing the process and complaint or other document to be served may obtain a copy of the filed pleading from the clerk or, if the pleading was filed electronically, use the copy returned electronically by the clerk. The attorney or party shall then place that copy of the process and complaint or other document to be served in an envelope and address the envelope to the person to be served with instructions to forward. . . . The attorney or party shall affix adequate postage and place the sealed envelope in the United States mail as certified mail with instructions to forward, return receipt requested, with instructions to the delivering postal employee to show to whom delivered, date of delivery, and address where delivered. The return receipt shall be addressed to the clerk of the court issuing the process and shall identify the case number of the case in which the pleading has been filed. Upon mailing, the attorney or party shall immediately file with the court an "Affidavit of Certified Mailing of Process and Complaint." That affidavit shall verify that a filed copy of the process and complaint or other document to be served has been mailed by certified mail in accordance with this rule.
>
> (C)   When Effective. Service by certified mail shall be deemed complete and the time for answering shall run from the date of delivery to the named addressee or the addressee's agent as evidenced by signature

> on the return receipt. Within the meaning of this subdivision, "agent" means a person or entity specifically authorized by the addressee to receive the addressee's mail and to deliver that mail to the addressee. Such agent's authority shall be conclusively established when the addressee acknowledges actual receipt of the summons and complaint ***or the court determines that the evidence proves the addressee did actually receive the summons and complaint in time to avoid a default. An action shall not be dismissed for improper service of process unless the service failed to inform the defendant of the action within time to avoid a default.*** . . .

*Id.* (emphasis supplied).

The Defendants contend that mailing a copy of the Summons and Complaint to them by certified mail to Precinct 4 of the Mobile Police Department does not constitute service under Rule 4, at least in part because neither of them signed the "green" card and because "there are 'no agent[s] authorized by appointment or by law to receive service of process' on behalf of the Defendants located at this address [8080 Airport Blvd., Mobile, AL 36608]." (Doc. 12, PageID. 53). And while the general rule is that "[a] defendant's actual notice is not sufficient to cure defectively executed service[,]" *Albra, supra,* 490 F.3d at 829, the undersigned agrees with *Floyd* that this general rule must "yield" to the language in Rule 4(i)(2)(C), which provides that an "agent's" authority (to receive the addressee's mail and to deliver that mail to the addressee) shall be conclusively established when the "the court determines that the evidence proves the addressee did actually receive the summons and complaint in time to avoid a default[,]" Ala.R.Civ.P. 4(i)(2)(C), and, further, that "[a]n action shall not be dismissed for improper service of process unless the service failed to inform the defendant of the action within time to avoid a default." *Id.* Here, the evidence proves that despite any alleged defect in Plaintiff's service of process, the Defendants in this case did actually receive the summons and complaint in time to avoid a default. (*See* Docs. 8, 10-12 & 19). Indeed,

despite contesting the authority of the unidentified individual who signed the green return cards in this case to accept service of process on their behalf, Milne and Kelley have made no argument (nor can they) that they were in danger of default judgment; therefore, they have not been harmed.[4] Instead, they have substantively participated in this litigation by answering Plaintiff's complaint (*see* Doc. 8) before filing the present motion, by appearing (through counsel) at the Rule 16(b) scheduling conference (*see* Docs. 15 & 17), and by exchanging initial disclosures before the scheduling conference was conducted (*see* Doc. 18, PageID. 69 ("Defense counsel informed the Court during the scheduling conference on July 14, 2022, that the parties have exchanged the initial disclosures required by Fed.R.Civ.P. 26(a)(1).")). Accordingly, the undersigned agrees with *Floyd* that "Alabama Rule of Civil Procedure 4(i)(2)(C) does not allow for an action to be dismissed for improper [or insufficient] service in circumstances like these[,]" *Floyd, supa,* at *6; *see also* Ala.R.Civ.P. 4(i)(2)(C) ("An action shall not be dismissed for improper service of process unless the service failed to inform the defendant of the action within time to avoid a default."), and **RECOMMENDS** that the Court **DENY** Defendants Milne and Kelley's Rule 12(b)(5) motion to dismiss.

---

[4] In the undersigned's estimation, the Defendants have not satisfied their initial burden of demonstrating the absence of good service. *See Smith, supra,* at *4. This is because the evidence proves, to the undersigned's satisfaction, that both Officer Milne and Sgt. Kelley did actually receive a copy of summons and complaint in time to avoid a default (*see* Doc. 8), thereby establishing that the unidentified person who signed the return cards for Milne and Kelley was authorized by the Milne and Kelley to receive their mail and to deliver that mail to these police officers. *See* Ala.R.Civ.P. 4(i)(2)(C). At the very least, this unidentifiable individual was the *de facto* agent of Milne and Kelley.

### C. Extending to Plaintiff Additional Time to Re-Serve the Defendants and Alternative Recommendation.

Should the Court disagree with the foregoing analysis and find that Plaintiff did not properly (or sufficiently) serve Defendants Milne and Kelley by certified mail in accordance with Alabama law, it is **RECOMMENDED** that the Court extend to Plaintiff an additional period of time to re-serve the Defendants and still **DENY** the Defendants' Rule 12(b)(5) motion to dismiss or, otherwise, dismiss Plaintiff's action without prejudice to his ability to re-file his action against the Defendants and properly serve them.

It is clear that "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)[.]" Fed.R.Civ.P. 4(c)(1).

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed.R.Civ. P. 4(m).

The undersigned reads the plain language of Rule 4(m) to allow the Court to order that proper service be made within a time specified by the Court, *see id.; compare id. with, e.g., Haynes v. Johnson,* 2018 WL 1609633, *3 (N.D. Ala. Apr. 3, 2018) ("'There is ample authority for the proposition that "service generally will be quashed and the action preserved in those situations in which there is a reasonable prospect that the plaintiff ultimately will be able to serve the defendant properly."' . . . In this case, the court finds that it is reasonable to believe that Plaintiff will be able to properly serve HTS Express. Therefore, Plaintiff will be given an opportunity to re-serve HTS Express on or before June 18, 2018."), even though nothing about Plaintiff's response can be read as

9

specifically seeking additional time to properly serve the Defendants nor does it contain a showing of good cause for any failure to properly serve the Defendants (*see* Doc. 16).[5] Accordingly, even if the Court finds that service was not effective under Alabama law, it should still **DENY** the Defendants' motion to dismiss and allow Plaintiff to re-serve the Defendants within a specified period of time. In the event the Court **DISAGREES** with both of the undersigned's bases for denying the Defendants' Rule 12(b)(5) motion to dismiss, it should act expeditiously to dismiss Plaintiff's complaint without prejudice for insufficient service of process so that Plaintiff can re-file his § 1983 action before his two-year limitations period expires.

## CONCLUSION

Based upon the foregoing, it is **RECOMMENDED** that the Defendants' Rule 12(b)(5) motion to dismiss for insufficient service of process (Doc. 12) be **DENIED**. Should the Court disagree with this recommendation and find that Plaintiff's Complaint should be dismissed without prejudice for insufficient service of process, the undersigned would **FURTHER RECOMMEND** that this determination be made expeditiously, given that Plaintiff's two-year limitations period will expire on or about October 13, 2022.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it

---

[5] The undersigned would note, however, that even if the Defendants were not properly (or sufficiently) served in this case, Plaintiff did attempt to serve them with process in the 90-day window under Rule 4(m) after the complaint was filed on February 10, 2022 (*compare* Doc. 1 *with* Doc. 7 (due return of service made on May 2, 2022)).

must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D.ALA. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

      **DONE** this the 19th day of July, 2022.

                        s/P. Bradley Murray
                        **UNITED STATES MAGISTRATE JUDGE**