**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| GEORGE METZ II, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   CIV. A. NO. 22-62-MU |
| | ) |
| OFFICER MILNE, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This action is before the Court on Plaintiff's Motion for Leave to Appeal In Forma Pauperis. (Doc. 54).[1] This motion has been referred to the undersigned for disposition pursuant to 28 U.S.C. § 636(b)(3) and Local Rule 72.2(c)(1). The Court notes that when Plaintiff filed his case, he paid the filing fee and did not request to proceed *in forma pauperis*. Regardless, the Court recognizes that circumstances may change and that does not preclude a later finding to proceed *in forma pauperis.* For the reasons discussed below, the Court **DENIES** the motion.

Authority for granting Plaintiff permission to proceed without prepayment of fees and costs is found at 28 U.S.C. § 1915:

> (a)(1) Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state

---

[1] Plaintiff submitted the form Application to Proceed in District Court Without Prepaying Fees or Costs instead of a Motion for Permission to Appeal In Forma Pauperis. However, as this form was filed the same day as Plaintiff's Notice of Appeal, the Court will treat the filing as a Motion for Leave to Appeal In Forma Pauperis.

>the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1); *see Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002) (affirming the application of § 1915's provisions to a non-prisoner's complaint).

"The *in forma pauperis* statute, 28 U.S.C. § 1915, ensures that indigent persons will have equal access to the judicial system." *Attwood v. Singletary*, 105 F.3d 610, 612-613 (11th Cir. 1997) (citing *Coppedge v. United States*, 369 U.S. 438, 446 (1962)). The opportunity to proceed as an indigent in civil cases, created by statute, is not considered a right but a privilege, *Rivera v. Allin*, 144 F.3d 719, 724 (11th Cir.), *cert. dismissed*, 524 U.S. 978 (1998), and "should not be a broad highway into the federal courts[,]" *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). Thus, "a trial court has broad discretion in denying an application to proceed *in forma pauperis* under 28 U.S.C.A. § 1915, [but] must not act arbitrarily and it may not deny the application on erroneous grounds." *Pace v. Evans*, 709 F.2d 1428, 1429 (11th Cir. 1983) (citing *Flowers v. Turbine Support Division*, 507 F.2d 1242, 1244 (5th Cir. 1975)); *see also Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 & 1306-07 (11th Cir. 2004) ("[A] trial court has wide discretion in denying an application to proceed IFP under 28 U.S.C. § 1915.... However, in denying such applications a court must not act arbitrarily. Nor may it deny the application on erroneous grounds.").

"In order to authorize a litigant to proceed *in forma pauperis*, the court must make two determinations: first, whether the litigant is unable to pay the costs of commencing this action; and second, whether the action is frivolous or malicious." *Boubonis v. Chater*, 957 F. Supp. 1071, 1072 (E.D. Wis. 1997) (citing 28 U.S.C. § 1915(a) & (e)(2)(B)(i)). "While one need not be absolutely destitute to qualify for *in forma pauperis* status, such

benefit is allowed only when a movant cannot give such costs and remain able to provide for herself and her dependents." *Mitchell v. Champs Sports*, 42 F. Supp. 2d 642, 648 (E.D. Tex. 1998) (citations omitted); *see Fridman v. City of New York*, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002) ("In assessing an application to proceed in forma pauperis, a court may consider the resources that the applicant has or 'can get' from those who ordinarily provide the applicant with the 'necessities of life,' such as 'from a spouse, parent, adult sibling or other next friend.' . . . If it appears that an applicant's 'access to [] court has not been blocked by his financial condition; rather [that] he is "merely in the position of having to weigh the financial constraints imposed if he pursues [his position] against the merits of his case,"' then a court properly exercises its discretion to deny the application.").

A review of Plaintiff's motion reveals that he currently receives monthly income of $1,000 from eBay and $2,700 from YouTube, owns a 2006 Buick Rendezvous and a 2000 Chevy Malibu on which he owes $0, and had $176 in a checking account and $60 in cash on or about the date of filing his motion. (Doc. 54, PageID. 445-47). Plaintiff is married and reports his spouse earns no income as a housewife, and he also has two dependent children. (*Id.* at PageID. 445-46).  Plaintiff listed a total of $3,815 in monthly expenses, including $1,400 for his rent or mortgage payment, $580 in utilities, $800 for food, $500 for transportation, $120 for recreation, and $100 for an SBA loan payment. (*Id.* at PageID 447-48).

Based on the information provided by Plaintiff, the Court finds that payment of the $505.00 filing fee here would not deprive Plaintiff of the basic necessities of life and that he does have the means to pay the filing fee for this action. Plaintiff's "access to [ ] court

has not been blocked by his financial condition; rather he is merely in the position of having to weigh the financial constraints imposed if he pursues his [case] against the merits of his case." *Fridman*, 195 F. Supp. 2d at 537 (citation and internal quotation marks omitted).

Accordingly, Plaintiff's Motion for Leave to Appeal In Forma Pauperis (Doc. 54) is **DENIED**.  However, nothing in this order prevents Plaintiff from filing a request directly with the Eleventh Circuit Court of Appeals in his appellate case (USCA Case Number 23-12936).

**DONE** and **ORDERED** this the **11th** day of **October, 2023**.

s/P. BRADLEY MURRAY
**UNITED STATES MAGISTRATE JUDGE**