IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

GEORGE METZ, II,                    )
                                    )
          Plaintiff,                )
                                    )
v.                                  )        CIV. A. NO. 22-0062-MU
                                    )
OFFICER MILNE, *et al.,*            )
                                    )
          Defendants.               )

## <u>ORDER</u>

This matter is before the Court on the Motion to Tax Costs which was timely filed by Defendants Clarence Milne and Michael Kelley after the Court entered judgment in their favor. (Doc. 49). Plaintiff filed an Objection to their motion, and Defendants have responded to that objection. (Docs. 51 and 56). The Court has considered the arguments put forth by both parties, and for the reasons set forth herein, Defendants' Motion to Tax Costs, as adjusted, is **GRANTED.**

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." Fed. R. Civ. P. 54(D)(1). "The Rule creates a presumption in favor of awarding fees." *Varesis v. Landry,* Civ. A. No. 21-00084-KD-M, 2023 WL 6142352, at *3 (S.D. Ala. Sept. 20, 2023). A district court may generally only award costs authorized by 28 U.S.C. § 1920. *Maris Distrib. Co. v. Anheuser-Busch, Inc.*, 302 F.3d 1207, 1225 (11th Cir. 2002) (citing *Crawford Fitting Co. v. J.T. Gibbons*, 482 U.S. 437 (1987)). The costs permitted under § 1920 includes "fees for printed or electronically recorded transcripts necessarily obtained for use in the

case...." 28 U.S.C. § 1920(2). The only costs being sought by Defendants here is the expense incurred for video depositions of Plaintiff Metz, Defendant Milne, and Defendant Kelley. (Doc. 49 at pp. 2-4; Doc. 49-1; Doc. 49-3).

Plaintiff objects to Defendants' Bill of Costs on three grounds. First, he argues that the case raised important First Amendment issues and allowing costs to be assessed would dissuade others from challenging this type of issue by litigation. Second, he essentially argues that taxpayers aren't entitled to reimbursement of tax dollars used in defending public officials. Finally, he contends that the video depositions were not needed nor were they used in the litigation. To prevail, Plaintiff must overcome the presumption in favor of awarding costs to the prevailing parties. *Crouch v. Teledyne Cont'l Motors, Inc.,* Civ. A. No. 10-00072-KD-N, 2013 WL 203408, at *2 (S.D. Ala. Jan. 17, 2013). The Court finds Plaintiff's first two arguments to be unsupported, legally or factually, and without merit. However, the Court finds further analysis of the third ground is necessary.

"Generally, costs of an original and one copy of a deposition transcript are recoverable if the prevailing party noticed the deposition, and costs of one copy, if the non-prevailing party noticed the deposition." *Varesis,* 2023 WL 6142352, at *5 (citing *Crouch*, 2013 WL 203408, at *7-8). The court reporter fee and the costs of exhibit copies are also recoverable. *Varesis,* 2023 WL 6142352, at *5 (citations omitted). However, certain costs are not recoverable, such as costs for rough drafts, extra copies, expedited transcripts, *video synchronization*, and *electronic transcripts*, because they are deemed incurred for the convenience of counsel. *Id.* Relevant to this case, costs of

videotaping, absent an explanation why videoconferencing was necessary, are not taxable to the losing party. *Id.*

First, the Court finds that the depositions of Plaintiff Metz, Defendant Milne, and Defendant Kelley were necessarily obtained and were used in support of Defendants' successful pre-trial motion. The issue presented is whether videotaped depositions were necessary. Defendants explained that videotaped depositions were necessary in this case because Plaintiff, who was proceeding *pro se*, insisted on videoing the depositions himself. The Court finds Defendants' argument persuasive under the circumstances of this action in which Plaintiff's motivations were somewhat suspect. Plaintiff's argument that Defendants knew he intended to use his videos for personal use fails to sway the Court otherwise. The Court finds that Defendants' need to preserve the integrity of the depositions was reasonable and necessary here as without official videotaped depositions Defendants would have no recourse if Plaintiff's videotapes were altered or edited.

Accordingly, the Court finds that the costs for the original deposition with 1 certified transcript of each of the three parties, the exhibits, and the court reporter's attendance fee, which totaled $1507.65, are properly taxable as costs. (Doc. 49-1 at p. 2). The Court also finds that the costs of the video depositions are properly taxable. However, the Court finds that the costs of Digitizing and Transcript Synchronization and Electronic Access are not recoverable. *See Varesis,* 2023 WL 6142352, at *5. Therefore, the amount recoverable for the video depositions is $1248 (the total cost of $2173 minus $925 (the amount of the non-recoverable costs)). (Doc. 49-1 at p. 4).

Based on the foregoing, Defendant's motion to tax costs is **GRANTED**, and costs are allowed to Defendants in the total amount of $2,755.65.

**DONE** and **ORDERED** this **30th** day of **November, 2023**.

/s/ P. Bradley Murray
**UNITED STATES MAGISTRATE JUDGE**